IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH W. GOODSON, #05058863, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2004-D |
| | ) | |
| SAMUEL B. McCUTCHAN, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail. Defendants are Detective Samuel B. McCutchan, Judge Mary E. Miller, and Appointed Counsel Paul Brauchle.

The Court did not issue process in this case, pending preliminary screening. On October 18, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on October 25, 2005.

Statement of Case: The complaint is not a model of clarity. It appears to challenge the charge for burglary of a habitation presently pending against Plaintiff in the 194th Judicial District Court of Dallas County in Cause No. F05-72531. (Complaint at 3-4 and answer to

question 2). The relevant facts are as follows:

On June 10, 2005, Plaintiff was arrested and confined in the Dallas County Jail after items were missing from an apartment he had allegedly been given the authority to enter and watch until the rightful owner returned. (Complaint at 4). He alleges that Gail Richards made a false police report incriminating Plaintiff, and that Detective McCutchan's relied on that report in racially profiling Plaintiff without conducting a routine investigation. (Id. and Answer to Question 6). Thereafter, Plaintiff was charged with the offense of burglary of a habitation, for which he is presently awaiting a trial. (Complaint at 4). Plaintiff requests monetary relief for his false imprisonment, racial profiling, ineffective assistance of counsel, and due process violations.[1]

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall

---

[1] In addition to monetary relief, Plaintiff requests an investigation of the charges presently pending against him. (Complaint at 4). This Court lacks the authority to order any investigation. Insofar as Plaintiff requests to be released from the allegedly "false imprisonment (Complaint at 4), his claim fares no better. (Id. at 4) Such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et. seq.* See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (where a petitioner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'"); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

2

>identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Any claims for monetary damages against Judge Mary E. Miller are barred by the doctrine of absolute immunity.[2] According to Plaintiff, Judge Miller misused her powers by increasing the felony range of punishment without a reindictment. (Complaint at 3). It is self-evident that any ruling issued by Judge Miller with respect to the punishment range occurred in Judge Miller's capacity and function as a judge, which in and of itself renders her immune from a suit for monetary damages. Stump v. Sparkman, 435 U.S. 349, 359 (1978); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995). Therefore, Plaintiff's claims against Judge Miller should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

Even assuming Plaintiff's claims were not barred by absolute immunity, they, along with

---

[2] "Despite the applicability of Heck v. Humphrey, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) determination." Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995) (citing Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir.1994)); see also Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (even if a complaint is subject to dismissal under Heck, it remains appropriate for district courts to resolve the question of immunity before reaching the Heck analysis).

the claims against Investigator McCutchan, would impugn the validity of the burglary charge presently pending against Plaintiff In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The Heck Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." Id. at 487.

Heck can apply pre-conviction to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n. 8 (7th Cir.2001); see also Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (noting in passing that Heck prevents the accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges); Hamilton v. Dallas Police Dept., 2005 WL 241192, *2 -3 (N.D. Tex. Jan. 31, 2005) (No. 3:04cv2191-P), findings and recommendation adopted, 2005 WL 549946 (N.D.Tex. Mar 08, 2005); Escamilla v. Dallas Police Dep't, 2001 WL 1338302, *2 (N.D. Tex., Dallas Div. Oct. 18, 2001) (No. 3:01cv1159-G) (adopting findings and recommendation of magistrate judge).[3]

---

[3] All circuits that have addressed this issue have concluded that Heck applies to pre-conviction as well as post-conviction cases. See Smith v. Holtz, 87 F.3d 108 (3rd Cir. 1996); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000); Shamaeizadeh v. Cunigan, 182 F.3d

4

The main focus of Plaintiff's allegations is that he was unlawfully indicted for burglary of a habitation. He asserts the indictment is based on a false complaint that was not investigated and that was submitted by an untrustworthy individual. If proved, such claims would call into question any future conviction for burglary of a habitation in No. F05-72531. Therefore, this lawsuit implicates the validity of a future conviction and, as such, Plaintiff is precluded from maintaining a cause of action under § 1983. See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir.2000) ("[A] claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). The District Court should dismiss the claims relating to Plaintiff's pending indictment for burglary of a building as frivolous, but without prejudice to being reasserted if and when the Heck conditions are met. See Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); Williams v. Cleer,123 F. Appx. 591, *593 (5th Cir. 2005) (following Stadler and dismissing Heck barred claims without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

Next Plaintiff seeks to sue his attorney for providing ineffective assistance of counsel and permitting Judge Miller to raise the punishment range. Section 1983 affords redress only for conduct committed by a person acting under color of state law.[4] Neither appointed nor retained

---

391, 397 (6th Cir. 1999); Covington v. City of New York, 171 F.3d 117, 124 (2nd Cir. 1999).

[4]    42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

5

counsel acts under color of state law in representing a defendant in the course of a criminal case. See Polk County v. Dodson, 454 U.S. 312, 324, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).  As such the conduct of Defendant Brauchle in representing Plaintiff since his indictment for burglary of a habitation is not cognizable under § 1983.  Plaintiff's claims against his court appointed counsel should be dismissed with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Judge Mary E. Miller be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief, see 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).  Plaintiff's claims against Investigator McCutchan should be dismissed as frivolous, See 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B), but without prejudice to them being reasserted after the Heck conditions are met.

It is further recommended that Plaintiff's claims against Appointed Counsel Paul Brauchle be dismissed with prejudice as frivolous, see 28 U.S.C. § 1915A(b)(1); 28 U.S.C. §

---

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1915(e)(2)(B).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 14th day of December, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.